SWIFT, surviving partner, *v.* MOTT *et al.*

There was no abuse of discretion in the first grant of a new trial.

April 10, 1893. Argued at the last term.          *Judgment affirmed.*

Complaint on note. Before Judge WILLIS. City court of Columbus. April term, 1892.

GOETCHIUS & CHAPPELL, for plaintiff.

L. F. GARRARD, TOL. CRAWFORD and BLANDFORD & GRIMES, for defendants.

---

MCALISTER *v.* THE TOWN OF EASTMAN.

Neither the bill of exceptions nor the brief for the plaintiff in error being signed by him or by any attorney of this court, and there being no appearance by any one in person to prosecute, and the costs not being paid or tendered, the writ of error is *Dismissed.*

April 17, 1893. Argued at the last term.

W. B. COFFEE, by brief, for plaintiff in error.

E. A. SMITH, *contra.*

---

THOMPSON *v.* THE STATE.

1. An allegation in an indictment that a grindstone was stolen from a "wagon shed-house" is not supported by evidence showing that the grindstone in question was stolen from *under* a "buggy shed-house."

2. When the accused has not put his character in issue, it is reversible error to allow the solicitor-general, over objection by counsel for the accused, to argue to the jury "that the defendant is charged with an offence that, if he is convicted, will disfranchise him; the charge of larceny from the house puts the character of defendant in issue, and under the law he had a right to bring witnesses and show his good character; he has known for a long time what the charge was, and he has not brought a single witness to show his good character; if he could have shown that he had a good character, you know that he would have done so."

*Bennett* v. *The State,* 86 *Ga.* 401.          *Judgment reversed.*

March 10, 1893.