### BANK OF THE UNIVERSITY *v.* TUCK.

1. Where a brief of evidence constituting a part of a motion for a new trial was "approved, subject to revision," and thereupon duly filed in accordance with the order of the court; and the hearing of the motion was from time to time regularly continued by appropriate orders, all of which allowed the movant until the final hearing to amend and perfect the brief of evidence, it was of course competent for the judge to pass upon and finally approve the same at that hearing.
2. Persons related within the prohibited degree to stockholders of a bank, or to others who are pecuniarily interested in the value of its stock, are incompetent to serve as jurors on the trial of an action brought by the bank; and where persons so related, without the knowledge or consent of the defendant, or his counsel, actually serve as jurors on such a trial, another hearing should be had notwithstanding ignorance on the part of the disqualified jurors of the fact that their kinsmen were stockholders, or pecuniarily interested in the stock, of the bank.

Argued March 21,—Decided April 19, 1899.

Complaint.   Before Judge Cobb.   City court of Athens. June 25, 1898.

*W. S. Basinger* and *John J. Strickland,* for plaintiff.

*H. C. Tuck, Erwin & Erwin* and *Lumpkin & Burnett,* for defendant.

LUMPKIN, P. J.   1. The question of practice dealt with in the first headnote has been repeatedly passed upon by this court. The correctness of the ruling now made is so obvious and so well-settled that further comment upon the same is unnecessary.

2. It appears from the record that some of the jurors by whom the case was tried were related within the prohibited degree to stockholders of the plaintiff, which fact was unknown to the defendant, against whom a verdict was returned, or to his counsel until after the trial.   These jurors were unquestionably disqualified, though it appears they were themselves ignorant at

the time they returned their verdict that their kinsmen were stockholders of or interested in the plaintiff bank. We do not think, however, this should affect the question. *McElhannon* v. *State*, 99 *Ga.* 672, which was a case wherein a corporation was practically a party at interest, is, upon its facts, precisely in point. See also cases cited on page 681, in support of the decision then rendered. In the argument here of the present case, a distinction was sought to be drawn between ignorance of relationship to a given person and ignorance of the fact that such person was a stockholder of a corporation which was a party to the case on trial. The law does not, however, recognize any such distinction in a matter of this kind. It is contrary to public policy to allow a juror, after participating in the making of a verdict, to assert ignorance of any fact which rendered him incompetent to serve. In this connection, see. *Moore* v. *Farmers' Mutual Insurance Asso.*, ante, 200.

It was further urged that the verdict in the case now before us ought to stand, whether returned by competent jurors or not, because it was absolutely demanded by the evidence. Without undertaking to pass upon the merits of the point thus raised, or intending to intimate what the verdict ought to be at the next hearing, it is sufficient to say that after a careful examination of the brief of evidence we are not prepared to hold that the verdict rendered was the only one legally possible under the evidence appearing in the record. Our conclusion therefore is that there was no error in granting a new trial.

*Judgment affirmed. All the Justices concurring, except Cobb, J., who was disqualified.*