## 1536. HUBBARD v. THE STATE.

One of the jurors who rendered the verdict being related to the prosecutor within the ninth degree, which fact was unknown to the defendant or his counsel, it was error to refuse a new trial, in the absence of any counter-showing.

Accusation of unlawful sale of liquor, from city court of Hartwell—Judge Hodges. October 13, 1908.

Argued January 14,—Decided February 9, 1909.

*A. G. & Julian McCurry,* for plaintiff in error.

*James H. Skelton, solicitor,* contra.

RUSSELL, J. Among other grounds in his motion, the plaintiff in error asked a new trial upon the ground that T. H. Brown, one of the jurors who rendered the verdict finding him guilty, was related by affinity in the third degree to George T. Cleveland, the prosecutor, which made him incompetent as a juror. In support of this ground of the motion, affidavits were presented, showing that the defendant and his counsel were wholly ignorant, until after the trial, that there was any relationship between the prosecutor and the juror. The affidavit of H. S. Sanders as to the relationship was not disputed by any counter-showing. Sanders' affidavit showed that one Elias Sanders was the great-grandfather of the prosecutor, and also of Mrs. Leila Brown, who was the juror's wife. The prosecutor and the juror were, therefore, third cousins by marriage. This evidence, that they were thus related within the ninth degree, being undisputed, the verdict finding the defendant guilty was not a legal verdict, and should have been set aside. The case is controlled by the decision of this court in *Smith v. State,* 2 *Ga. App.* 574 (59 S. E. 311). Although the evidence in behalf of the State in this case authorized the verdict of guilty, a new trial should have been granted. As we ruled in the *Smith* case, a new trial is demanded where there is no doubt as to the disqualification of a juror, and where such disqualification is not waived by knowledge of that fact; for the reason that the verdict is illegal and void. To this effect is the ruling in *Georgia R. Co. v. Cole,* 73 *Ga.* 713.      *Judgment reversed.*