### 6015.  PORTER v. CITY OF THOMASVILLE.

RUSSELL, C. J.  1. One charged with the violation of a municipal ordinance is, equally with those charged with greater crimes, entitled to a fair and impartial trial; and that an alleged violator of a municipal ordinance can not obtain a fair trial (within the legal intendment of that term) before a mayor who has offered to pay fifty dollars for the conviction of the particular defendant of the particular offense with which he is charged is a proposition which does not admit of argument. The rule in *Elliott* v. *Hipp*, 134 *Ga.* 844 (68 S. E. 736, 137 Am. St. R. 272, 20 Ann. Cas. 423), has no application in such a case; for a mayor, in the trial of a municipal case, acts as judge and jury, and as a juror he would clearly be disqualified. See *Dumas* v. *State*, 62 *Ga.* 58; *Beall* v. *Clark*, 71 *Ga.* 818 (2) ; *Almand* v. *County of Rockdale*, 78 *Ga.* 199; *McElhannon* v. *State*, 99 *Ga.* 672 (26 S. E. 501) ; *Moore* v. *Farmers Mut. Ins. Asso.*, 107 *Ga.* 199 (33 S. E. 65) ; *Bank of the University* v. *Tuck*, 107 *Ga.* 211 (33 S. E. 70) ; *Lyens* v. *State*, 133 *Ga.* 587 (4), 597 (66 S. E. 792).

2. "In application for certiorari, all the allegations of fact therein contained, including statements of what was testified, are to be taken and considered as true by the court, when clearly set forth and when the petition is verified as prescribed in the Civil Code," § 5184. *Linder* v. *Renfroe*, 1 *Ga. App.* 58 (57 S. E. 975). As the state of facts referred to above was set forth in the petition in the present case, the judge of the superior court erred in refusing to sanction the certiorari.

> *Judgment reversed. Broyles, J., not presiding.*
> DECIDED MAY 7, 1915.

Petition for certiorari; from Thomas superior court—Judge Thomas.  September 26, 1914.

*C. E. Hay,* for plaintiff in error.
*Louis S. Moore, W. C. Snodgrass,* contra.