### 7461.   INGRAM, receiver, *v.* WILSON.

Where shares of stock in a real-estate corporation were purchased from an agent selling stock for the corporation, and the purchaser gave promissory notes, each of which stated that it was given in part payment of the purchase-price of capital stock of that corporation, and that it was agreed that the note was given "with full knowledge of the plan of operations and the affairs of" the corporation named, and that the maker waived any defense to the note "as provided by the act of the General Assembly of Georgia, approved August 16, 1912, relating to notes given for the purchase-price of stock in corporations," and agreed that the transferee of the note should hold it as a bona fide purchaser for value before maturity and free from any agreement or condition other than stated therein, the terms of the notes did not preclude the maker, when sued thereon, from pleading failure of consideration and setting up that he was induced to give them by misrepresentations of the agent of the corporation as to its assets and financial condition and as to the value of the stock.

DECIDED SEPTEMBER 21, 1916.

Complaint; from city court of Louisville—Judge Jordan presiding.   April 7, 1916.

*J. S. Bussey Jr., J. R. Phillips,* for plaintiff in error, cited: *Case Threshing Machine Co.* v. *Broach,* 137 *Ga.* 602; *Prontaut* v. *Lorick Co.,* 17 *Ga. App.* 495; *Barrie* v. *Smith,* 105 *Ga.* 34; *Equitable Mfg. Co.* v. *Biggers,* 121 *Ga.* 381; *Thomson* v. *McLaughlin,* 13 *Ga. App.* 334; *Branan* v. *Warfield,* 3 *Ga. App.* 586.

*B. T. Rawlings, R. G. Price, Frank Hardeman, James K. Hines,* contra, cited: *Farmers State Bank* v. *Rowland,.* 15 *Ga. App.* 600; *Traders Investment Co.* v. *Macon Ry. & Light Co.,* 3 *Ga. App.* 125; *Lee* v. *Hightower,* 3 *Ga. App.* 226; *Miller* v. *Roberts,* 9 *Ga. App.* 511; *Means* v. *Subers,* 115 *Ga.* 371; *Reese* v. *Strickland,* 96 *Ga.* 784; *Aultman* v. *Mason,* 83 *Ga.* 212; *Loyless* v. *Hesse Envelope &c. Co.,* 10 *Ga. App.* 660; *Bank of Lavonia* v. *Bush,* 140 *Ga.* 594; 16 Cyc. 752; Civil Code (1910), §§ 4622, 4625-6, 4254, 4410, 4113; *Turner* v. *Ware,* 2 *Ga. App.* 57; *Marietta Fertilizer Co.* v. *Beckwith,* 4 *Ga. App.* 245.

HODGES, J.   The Bank of Hephzibah brought suit on two notes, the consideration of which was stock in the Southland Estates Corporation, a real-estate company.   Subsequently a receiver of the bank was made plaintiff.   The notes in suit were payable to E. A. Wilson and indorsed by him over to the bank.   The notes contained the following clause:   "This note is given in part payment for the purchase-price of capital stock of the Southland Estates Corporation, and it is expressly agreed by the maker or makers of this note that it is given with full knowledge of the plan of operations and the affairs of the Southland Estates Corporation, and that the payee of this note may discount or transfer the same to any third party or parties, and that the maker expressly waives any defense to this note or renewal thereof as provided by the act of the General Assembly of Georgia, approved August 16, 1912, relating to notes given for purchase-price of stock in corporations, and agrees that the transferee of this note shall hold the same as a bona fide purchaser for value before maturity and free from any agreement or condition other than stated in this note."

Did this preclude the maker of the note from pleading failure of consideration?   We do not think so.   The act provides that a note of this character shall carry its death wound on its face, and

that as to such a note there can be no bona fide purchaser. It was contended that the alleged misrepresentations, set up in the plea and testified to by defendant, as to the assets and financial condition of the company and the value of the stock, made by the company's agent to induce him to purchase the stock, and upon which he acted in giving the notes sued on, were unbelievable by any intelligent man. This may be true, but the legislature, in defining the public policy of this State, provided a protection for the unintelligent. To make a waiver effective, one must actually know what he is waiving. How did this defendant know of the operations and the condition of this company except by statements made to him? The fact that he unwisely signed a paper saying he did know does not estop him from showing that he did not know. It is the public policy of the State to terminate these transactions forever. The alleged waiver is not binding in law. *Farmers State Bank* v. *Rowland,* 15 *Ga. App.* 600 (84 S. E. 89). If such an agreement were binding, it would make nugatory the rule of public policy adopted by the General Assembly. *Means* v. *Subers,* 115 *Ga.* 371 (41 S. E. 633). The court did not err in directing a verdict in favor of the defendant.        *Judgment affirmed.*