9002.   BROOKE *v.* PICKETT.

1. Where the jury, on the trial of a joint action against two cosureties, finds against the plea filed by one of them, the relationship, unknown until after verdict, within the prohibited degrees, of a juror to the other surety, who filed no plea, will require the grant of a new trial, since the failure of such surety to sustain his plea gives to his cosurety a right of contribution against him, and furnishes a motive to such a juror to find against his plea. Under these circumstances the relationship is not presumed to be in favor of, but is presumed to be prejudicial to, the interests of the complaining party.

2. It is not necessary to pass upon the remaining grounds of the motion for a new trial, since the errors therein complained of are not likely to occur upon another trial.

Decided December 13, 1917.

Complaint from Milton superior court—Judge Morris. May 14, 1917.

Mrs. C. Pickett brought suit on a promissory note against R. J. Webb, principal, and W. J. Webb and J. P. Brooke as sureties. R. J. Webb and W. J. Webb filed no plea. J. P. Brooke filed a plea setting up that he was indorser on the note, and that by reason of certain acts of the plaintiff, increasing his risk as surety or indorser, he was released. A verdict was found against R. J. Webb as principal, W. J. Webb as surety, and J. P. Brooke as indorser; and judgment was entered accordingly. J. P. Brooke filed a motion for new trial, upon several grounds, which the court over-

ruled, and he excepted. The 5th ground of the motion complains that Dinsmore, one of the jurors who tried the case, is related within the prohibited degrees to W. J. Webb, in that the wife of Dinsmore is a third cousin of the wife of W. J. Webb. The 6th ground complains that Robert Martin, one of the jurors who tried the case, is related within the prohibited degrees to W. J. Webb, in that Martin's wife is a third cousin of W. J. Webb. Affidavits are attached to the motion, showing the relationship, and also that neither Brooke nor his counsel had any knowledge of this relationship before the trial and could not have known it by the exercise of proper diligence.

*George F. Gober, W. I. Heyward, J. P. Brooke,* for plaintiff in error. *E. W. Coleman, G. B. Walker,* contra.

HARWELL, J. The juror Dinsmore was not disqualified by reason of the fact that his wife was related as third cousin to the wife of W. J. Webb, one of the defendants. *Central R. Co.* v. *Roberts,* 91 *Ga.* 517 (18 S. E. 315). The juror Martin was disqualified by reason of the relationship of his wife within the prohibited degrees to W. J. Webb. *Ledford* v. *State,* 75 *Ga.* 856. The defendant in error, however, insists that this is not a ground for new trial in the instant case, because of the fact that the juror Martin was not related to an opposite party, but was related to a codefendant of the unsuccessful party, J. P. Brooke; and her counsel cites the following cases in support of her contention: *Wright* v. *Smith,* 104 *Ga.* 174 (30 S. E. 651); *Downing* v. *State,* 114 *Ga.* 30 (39 S. E. 927). We recognize that the appellate courts of this State have laid down the rule that relationship of a juror within the prohibited degrees to one of the parties will not be cause for the grant of a new trial, where the relationship is to the unsuccessful party; and if, in the instant case, the juror Martin were related to the plaintiff in error Brooke, it would come within the rule stated by these decisions, and would not be cause for the grant of a new trial. The plaintiff in error insists, however, that this rule does not apply in the instant case, for the reason that the interest of W. J. Webb in the result of the suit (that is, as to whether Brooke shall prevail on his plea) is not in harmony with, but antagonistic to, Brooke's defense For, being sureties, if Brooke prevails, W. J. Webb will have the whole debt to pay, if it can not be made out of the principal; if Brooke loses, Webb will be entitled to contribution from him.

The question is not without some difficulty, and we find no case exactly in point; but we think, upon principle, that the relationship of the juror in the instant case to a cosurety of the plaintiff in error does afford cause for the grant of a new trial. Brooke was an accommodation indorser, and is to be considered merely as a surety. Civil Code (1910), § 3541. He is cosurety with W. J. Webb. The verdict being against both of these parties as sureties, W. J. Webb is entitled to contribution from Brooke in the payment of this judgment, if it can not be made out of the principal. Civil Code (1910), § 3564. It is to the interest of W. J. Webb that a verdict should be rendered against Brooke. Otherwise, upon failure of the principal to pay the debt, the entire burden of the payment will fall upon Webb. Hence the interest of the related juror would be to hold Brooke, the plaintiff in error, liable as a surety in order that the right of contribution might exist to his cousin. We do not mean to intimate that any such motive actuated the juror in rendering this verdict. It may be that he was perfectly impartial and decided the case without any regard to his relationship. But, as was said in the case of *Temples* v. *Central of Ga. Ry. Co.*, 15 *Ga. App.* 122 (82 S. E. 777), "the ruling which fixes the disqualification of a juror and debars one from serving who is related to either of the parties within the ninth degree is itself not based upon the actuality of interest, but upon the probability of its existence." For the reasons stated we think that the juror Martin was disqualified, and that a new trial should be granted. It is not necessary to deal with the other grounds of the motion, since the errors therein complained of, if there be any, will not likely occur upon another trial of the case.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*