## YOUNG *et al. v.* COCHRAN BANKING COMPANY.

1. The motion to dismiss the writ of error is without merit.
2. The evidence authorized an instruction to the jury on the law declared by the Civil Code, § 3224, par. 3, relating to voluntary conveyances by debtors and rights of creditors.
3. Where a juror who served on the trial was related within the ninth degree to a stockholder in the plaintiff corporation, newly discovered evidence of that relationship requires a new trial, irrespective of the juror's ignorance, until after verdict, of the relationship and the stockholder's interest.

No. 6309. SEPTEMBER 14, 1928.

Intervention; claim. Before Judge Graham. Bleckley superior court. September 5, 1927.

*H. E. Coates* and *W. A. Wooten,* for plaintiffs in error.

*L. A. Whipple* and *Bleckley & McWhorter,* contra.

HILL, J. The Cochran Banking Company instituted attachment proceedings under Civil Code (1910), § 5088, against J. W. Young and T. J. Young, on the ground of a joint indebtedness to the plaintiff, and alleged fraudulent conveyances of separate parcels of realty by each defendant to his wife. After levy of the attachment upon the realty as the property of the defendants J. W. Young and T. J. Young, the respective wives of the defendants were allowed to intervene as parties to the attachment case, and set up title to the land conveyed to them respectively by their husbands. A verdict was returned in favor of the plaintiff for the amount of alleged debts as against the principal defendants, and against the claim of title set up by the intervenors. The intervenors filed a joint motion for new trial, which was overruled, and they excepted in one bill of exceptions.

1. The pleadings made but one suit to which the intervenors were parties, and they joined in one motion for new trial. The motion to dismiss the bill of exceptions on the grounds, (a) that there was more than one suit, and the defendants did not except in separate bills of exceptions, and (b) that the case is one in which the Court of Appeals and not the Supreme Court has jurisdiction, is without merit.

2. Where a creditor of a husband seeks to subject property to which the husband has executed a deed of conveyance to his wife, on the ground that the conveyance was made to hinder, delay, and defraud creditors, and where there is evidence to show, or from which the jury might infer, that the conveyance from the husband to his wife was without consideration, it is proper for the court to give in charge the law as contained in the Civil Code (1910), § 3224 (3), in reference to voluntary conveyances and their effect upon the rights of creditors. *Almond* v. *Gairdner, 76 Ga.* 699. The petition in this case was brought under the Civil Code (1910), §§ 5088 et seq., relating to attachments against fraudulent debtors. It was alleged that J. W. Young and T. J. Young were jointly indebted to petitioners, that in order to avoid payment of the debt J. W. Young executed to his wife a deed purporting to convey described realty upon the consideration of love and affection and five dollars, and that T. J. Young executed to his wife certain deeds purporting to convey described realty for an alleged valuable consideration. The respective wives of the defendants were allowed to intervene for the purpose of sustaining their respective claims to the realty so conveyed to them separately. On the trial the deed to Mrs. J. W. Young was introduced in evidence, and the draftsman of the deed testified as a witness. The deed recited that the consideration was "love and affection and five dollars cash in hand paid," and the draftsman testified in effect that when he was requested by J. W. Young to draw the deed Mr. Young told him that he desired to make a deed of gift to his wife. This evidence was in conflict with the testimony of Mr. Young, but was sufficient to authorize the judge to charge the law as embodied in the Civil Code (1910), § 3224 par. 3; relating to acts of fraudulent debtors. Whether the charge would have been authorized relatively to the claim of Mrs. T. J. Young need not be considered, because the criticism upon the charge as made in the ground of the motion for

new trial did not specifically allege that the evidence touching her claim of title did not authorize the charge. A ground of a motion for new trial must be complete within itself, and resort can not be had to the brief of evidence to complete an indefinite assignment of error.

3. A person related by blood or marriage within the prohibited degree (the ninth degree) to stockholders of a bank is incompetent to serve as a juror on the trial of an action brought by the bank; and where the person so related, the fact of relationship being unknown to the defendant or his counsel, actually served as a juror on the trial of the case, another hearing should be had, notwithstanding the disqualified juror did not have a personal acquaintance with the stockholder and did not know that he was related to the stockholder, or that the stockholder was pecuniarily interested in the stock of the bank. Penal Code (1910), § 999 (4); Civil Code (1910), § 4997; *Moore* v. *Farmers Mutual Insurance Asso.,* 107 *Ga.* 199 (2) (33 S. E. 65); *Bank of the University* v. *Tuck,* 107 *Ga.* 211 (33 S. E. 70); *Fordham* v. *State,* 148 *Ga.* 758 (3) (98 S. E. 267); *Crawley* v. *State,* 151 *Ga.* 818 (3) (108 S. E. 238, 18 A. L. R. 368); *Merritt* v. *State,* 152 *Ga.* 405 (5) (110 S. E. 60); *Ethridge* v. *State,* 164 *Ga.* 53 (2 *b*) (137 S. E. 784). Under application of the foregoing principle it was erroneous to overrule the motion for new trial on the ground of newly discovered evidence as to disqualification of a juror by reason of his relationship to a stockholder in the bank. It is insisted that disqualification of the juror should not work a reversal, because the evidence demanded the verdict. Without undertaking to pass upon the merits of the point thus raised, it is sufficient to say that after a careful examination of the brief of the evidence we are not prepared to hold that the verdict rendered was the only one legally possible. In these circumstances the error complained of was not harmless. *Bank of the University* v. *Tuck,* supra.

*Judgment reversed. All the Justices concur.*