FERGUSON *v.* BANK OF DAWSON.

No. 10208. DECEMBER 12, 1934.

*W. L. Ferguson, H. A. Wilkinson,* and *Henry Wilkinson,* for plaintiff in error.

*M. C. Edwards* and *Tom Edwards,* contra.

RUSSELL, C. J. After a careful review and consideration of the citations which the Court of Appeals has appended to the question, as well as the authorities discussed by counsel in their briefs, we are of the opinion that the question propounded by the Court of Appeals should be answered in the affirmative. It should be borne in mind that the act of 1912 (Ga. L. 1912, p. 153) was passed

as a matter of sound public policy, not only for the protection of would-be purchasers of notes the consideration of which might be the worthless stock of fictitious or insolvent corporations, but also and more especially in order to protect a large number of gullible people from subjecting themselves to liabilities in consequence of a get-rich-quick fever induced by false reports of the value of the stocks, of which the proposed maker of the note would know absolutely nothing. The requirement that the note should set forth that corporate stock was the consideration would call to the attention of a prudent would-be purchaser the provisions of section 4530 of the Code, that "Notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, is equivalent to knowledge, in fixing the rights of parties." On the other hand the statute, in exception to the rule applicable to the general rule in case of other notes, protects the maker by letting him into all the equities existing between himself and the original purchaser, just as if the note had been acquired by the purchaser after its maturity. The sound public policy inaugurated by the General Assembly in 1912 would certainly be undermined and swept away if it could be adjudged that one who purchased a note which bore upon its face its consideration, as required by the statute, could for any reason preclude the maker of the note from setting up his defenses as provided in the statute. But it would be no less destructive of the law and its wholesome purposes, to hold that because, in violation of the law, there was a failure to insert in the note the warning required by the statute, one who actually knew that the consideration of the note was the purchase of stock should be absolved from the penalty provided by the statute.

It is insisted by counsel for the Bank of Dawson that the question should have been certified in a slightly different form. It is argued in the brief that an additional fact should be shown, to wit: That contemporaneously with the execution of the note, or subsequently to such execution, the maker also signed a statement in writing that there were no offsets or conditions against the note, and the purchaser acted in good faith thereon, as if the consideration of the note had been expressed in the face of the note. It has been frequently held by this court that in giving instructions upon ques-

tions of the Court of Appeals to this court, we will in all cases confine ourselves to the precise point involved on the question propounded, and make answer only to the exact question asked, without reference to what might be a different answer were a different question proposed. This rule must be followed, because it is the right and duty of the Court of Appeals to finally adjudicate, and in almost every question it is apparent that the Court of Appeals has adjudicated, as is its right, some of the facts and some of the principles of law to be established in the particular case. The Court of Appeals knows the precise point as to which they desire instructions. There can arise no instance in which the Supreme Court would be justified in making answer to any other than the exact question propounded. *Georgian Co.* v. *Jones,* 154 *Ga.* 762 (115 S. E. 490). The question propounded by the Court of Appeals makes no reference to purchases where there have been several transfers, one of which involves a purchaser who has no actual notice or knowledge. As has been heretofore stated, the question propounded is answered in the affirmative.

*All the Justices concur.*

GILBERT, J., concurring specially. The Court of Appeals in *Hunt* v. *McKinney,* 11 *Ga. App.* 301 (75 S. E. 144), a similar case, properly held: "If the consideration is not so expressed, the right to enforce the note is governed by the same rules as are applicable to a note founded upon any other valid consideration. *Parr* v. *Erickson,* 115 *Ga.* 873 (42 S. E. 240) ; *Lee* v. *Hightower,* 3 *Ga. App.* 226 (59 S. E. 597) ; *Simmons* v. *Council,* 5 *Ga. App.* 386 (63 S. E. 238)." In such a case the provisions of the Civil Code (1910), § 4530, apply: "Notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, is equivalent to knowledge, in fixing the rights of parties." The above citations are appropriate additions to those cited by the Chief Justice.