## 23076. FERGUSON *v.* BANK OF DAWSON.

DECIDED FEBRUARY 14, 1935.

*W. L. Ferguson, H. A. Wilkinson, Henry Wilkinson,* for plaintiff in error.

*M. C. Edwards, Tom Edwards,* contra.

MacINTYRE, J. ■ This was a suit on a note. A verdict was rendered for the plaintiff, and the defendant's mother for a new trial being overruled he excepted. The note was in regular form, being for a valuable consideration, in the principal sum of $1500, payable to A. F. Hopkins or bearer, signed by W. F. Ferguson and indorsed on the back, A. F. Hopkins. The defendant's plea denied (1) that he was indebted, (2) that the indorsement on the contract aforesaid was genuine and legal, (3) that the plaintiff was a bona fide holder for value in due course without notice of the contract sued upon, (4) that the note in question was given for a consideration. The defendant further alleged that he owed A. F. Hopkins nothing and received nothing from him. On the question as to

whether or not the indorsement was genuine and legal, the testimony of Tom Raines was substantially as follows: that he was a director of the plaintiff bank; that he knew the signature on the back of the note; and that it was A. F. Hopkins' signature. On cross and redirect examination he testified substantially that Hopkins was in Dawson selling stock; that when Hopkins came to Dawson from Atlanta he was introduced to him as Hopkins; that Hopkins was in Dawson selling stock all over town for several weeks; that he knew Hopkins' name in the same way he knew other people's; that he did not know his name in any other way; that he brought the note in question to the bank and had a handful of notes with him; that this man whom he knew as A. F. Hopkins had the note in question in his possession and is the man who indorsed it; that he was not present when the note was executed between Ferguson and Hopkins. We think this evidence, which was uncontradicted, demanded a finding by the jury that the indorsement was genuine.

The note in this case does not express upon its face that it was given for the purchase of corporate stock (NuGrape). The evidence showed that the purchaser, through its agent, had actual notice of the fact that the note was given for the purchase of Nu-Grape stock, but had no notice that the note was without consideration as between the original parties. The main question in this case, which is raised by objections to evidence, request to charge, etc., is whether the act of 1912 (Acts 1912, p. 153) applies, where the note itself does not express upon its face that it was given for the purchase of stock, although the transferee of the note does have actual knowledge that it was given for the purchase of stock, so that the original payee of the note will be allowed to set up a failure of consideration without showing that the transferee, who was a holder in due course, before maturity and for value, had any notice of such failure of consideration. In *Franklin* v. *Bank of Colbert*, 143 *Ga.* 51 (84 S. E. 131), the court said that "the act of 1912 (Acts 1912, p. 153), relating to notes given for the sale of stock in incorporated companies, being a substantial reproduction of the act of 1897 (Civil Code, §§ 4293, 4294) relating to notes given for the sale of patent rights, is to be similarly construed;" and in construing § 4393 the Supreme Court said: "It is only where the consideration [that it was given for the

purchase of patent rights] is expressed in the note that the indorsee before maturity and for value takes it subject to all defenses. *Parr* v. *Erickson,* 115 *Ga.* 873 (42 S. E. 240). Construing the act of 1912 (Michie's Code, § 4294 (196-7)), which is the law invoked in this case, Mr. Justice Lumpkin, speaking for the court in *Heard* v. *National Bank of Wilkes,* 143 *Ga.* 48-50 (84 S. E. 129), said that this section "declares that the purchaser of such a note, contract, or evidence of debt shall take subject to the equities between the original parties, and with the right to make any defense against the holder that could have been made against the original payee, 'where the consideration is expressed in the face of the note or contract.' This clearly contemplates that an innocent purchaser of a negotiable instrument before due and without notice will be protected, except where the consideration is stated in the face of the instrument." The first headnote of *Heard* v. *National Bank of Wilkes,* supra, was quoted with approval by Bell, J., in *Niemeyer* v. *Dougan,* 31 *Ga. App.* 99 (119 S. E. 544). Pottle, J., speaking for the court in *Hunt* v. *McKinney,* 11 *Ga. App.* 301 (75 S. E. 144), said: "A promissory note given for the right to sell a patent article in a specified territory is not, under the provisions of §§ 4293, 4294 of the Civil Code (1910), void because there is not expressed in the face of the note 'the consideration of the same, stating the thing or article for which the same was given.' The purpose of the law contained in these sections of the code was to place a purchaser of a note, expressing on its face such a consideration, in the same position as the payee, with reference to its enforcement. If the consideration is not so expressed, the right to enforce the note is governed by the same rules as are applicable to a note founded upon any other valid consideration." These decisions indicated to our minds that where the note, as in this case, did not express upon its face that its consideration is for stock, the principles that (1) "A bona fide holder of a negotiable promissory note, purchased for value and before maturity, is protected against a defense that the note was without consideration," and (2) that "Where a negotiable note payable at a future date was indorsed by the payee to the plaintiff, in the absence of proof to the contrary the law will presume that the plaintiff took before maturity, for value and without notice" (*Parr* v. *Erickson,* supra), are applicable thereto. However, this court in the case of *Mizell Live Stock*

*Co.* v. *Sutton,* 23 *Ga. App.* 270 (98 S. E. 102), held that "Where a purchaser of a promissory note has actual notice that it was given for the purchase of stock in an incorporated company, sold by an agent, traveling salesman, or promoter, such notice is just as effective to put the purchaser of the note on notice that he is taking it subject to the equities existing between the original parties thereto as if the consideration of the note had been expressed in the face of the note." We therefore certified the question to the Supreme Court, and they adopted the ruling in the *Mizell* case, supra. *Ferguson* v. *Bank of Dawson,* 179 *Ga.* 861 (177 S. E. 694). Therefore, the plea of the defendant in this case, that the note was wholly without consideration, was good as against the transferee thereof, who purchased the note for value and before maturity, and who had no notice, at the time he received the paper, as to the failure of the consideration as between the original parties, where it was further alleged and shown that the transferee of such note had actual notice that the note was given for the purchase-price of stock in the NuGrape Corporation, under the act of 1912 (Ga. L. 1912, p. 153), although the note did not express upon its face that corporate stock was its consideration.

■ The evidence disclosed that the notice relied upon by the defendant to the plaintiff bank of the fact that the note was given in consideration of the purchase of corporate stock was given to one T. B. Raines, who was shown to be a director of the bank, holding the position of a member of the loan committee of the bank; that he went with Hopkins to the bank; that he approved the loan and recommended to the president of the bank that the note be discounted, which was done. This would be sufficient notice as to the bank. See *Hager* v. *National German-American Bank,* 105 *Ga.* 116 (2) (31 S. E. 141); Civil Code (1910), § 3599; *Praler* v. *Cox,* 64 *Ga.* 706; *Hillyer* v. *Brogden,* 67 *Ga.* 24; *Fouché* v. *Merchants National Bank,* 110 *Ga.* 827 (36 S. E. 256); *Southern Exchange Bank* v. *Pope,* 152 *Ga.* 162 (108 S. E. 551).

■ In the trial of the case the plaintiff introduced in evidence a signed statement executed by the defendant at the time of the execution of the note that he had no defense to the note and that it might be purchased by any bank or banker. The defendant requested the court to charge the jury that this signed statement did not preclude the defendant from setting up the defense of fail-

ure of consideration of the note, where the purchaser thereof had actual knowledge of the consideration upon which the note is based. This request was refused. In this, under the decision of this court in *Ingram* v. *Wilson*, 18 *Ga. App.* 597 (90 S. E. 176), the trial judge erred.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*