25193. FERGUSON, administrator, *v*. BANK OF DAWSON.

Decided April 27, 1936.

W. L. Ferguson, H. A. Wilkinson, Henry A. Wilkinson Jr., for plaintiff in error.

M. C. Edwards, Tom Edwards, contra.

SUTTON, J. The Bank of Dawson, as holder in due course, brought suit on a promissory note against Ferguson. The defendant filed his verified plea and answer setting up that he was not indebted on the note; that the indorsement of the payee thereon was not genuine; that the bank was not a bona fide holder in due course, for value and without notice, of the contract sued on; that the note was wholly without consideration, and the defendant received nothing from the original payee, and was and is due him no sum whatever; and that the note was given to the payee as payment for 100 shares of the stock of the NuGrape Company, which were not owned by the original payee and have never been delivered to the defendant, and which stock is wholly worthless. The first trial resulted in a verdict for the plaintiff, and a writ of error was sued out to this court to review the judgment overruling the defendant's motion for a new trial. Whereupon this court certified certain questions of law made by the record to the Supreme Court, and that court answered the same. *Ferguson* v. *Bank of Dawson*, 179 *Ga.* 861 (177 S. E. 694). Applying the principles of law laid down by that court in its answers, this court reversed the judgment of the trial court overruling the defendant's motion for new trial. *Ferguson* v. *Bank of Dawson*, 50 *Ga. App.* 604 (179 S. E. 236). The second trial resulted in a second verdict for the plaintiff. The defendant moved for a new trial, which was denied, and the defendant excepted. The plaintiff in error (defendant) having died while this writ of error was pending, the temporary administrator of his estate was made a party in his stead.

One ground of the motion for new trial is that a member of the jury trying the case, Dallas Spurlock, was a disqualified juror, for the reason that he was the county farm agent for Terrell County, and the income received by him for wages, compensation, office supplies, etc., was obtained from various sources, among which was a contribution of $6.25 per month made each month by the plaintiff bank. The evidence in support of this ground showed

that Dallas Spurlock was employed by the board of education of Terrell County, as county farm agent of Terrell County, and that the plaintiff contributed $6.25 each month to help pay the office expenses of said farm agent; that this sum together with other like amounts totaling $18.25, were turned over each month to the county board of education and paid by this body to Spurlock to be used in paying for office supplies and his office expenses as county farm agent; and that this condition obtained at the time of the trial of this case, and had for some time previous thereto and thereafter. There was no dispute as to the above. The defendant and his counsel by affidavit deposed that they did not know of the facts which they contend disqualify this juror until after the trial, and that they could not have discovered the same by the exercise of due diligence, but that they relied upon this juror's answers to the questions asked by the court as to the qualifications of the jurors to try this case, including whether they were employees of or recipients of income from the Bank of Dawson. The only evidence in rebuttal of the showing made by the defendant was the affidavit of the juror that he was not in the employment of the bank and received no compensation from it, but received a monthly check for $6.25 from the board of education, that he did not upon the trial know of the facts as to the bank contributing said monthly sums to the board of education for the upkeep of his office, and that his verdict was fair and impartial and not influenced thereby; and the affidavit of the cashier of the bank that it paid said sum monthly to the board of education, at its request, for the upkeep of the office of the county farm agent, and not as a salary to him.

Where the disqualification of the juror because of interest, etc., is shown to be true without dispute, and the same was not known to movant or his counsel until after the verdict and they could not have discovered the same by the exercise of due diligence, it is error for the court to refuse a new trial. *Perrett* v. *State,* 16 *Ga. App.* 587 (85 S. E. 820); *Edwards* v. *State,* 174 *Ga.* 632 (163 S. E. 157); *Georgia R.* v. *Hart,* 60 *Ga.* 550; *Bullard* v. *Trice,* 63 *Ga.* 165; *Bank* v. *Tuck,* 107 *Ga.* 211 (33 S. E. 70); *Groover* v. *Simmons,* 152 *Ga.* 423 (110 S. E. 179); *Brooke* v. *Pickett,* 21 *Ga. App.* 422 (94 S. E. 601). This is so even though the juror filed an affidavit that he was not prejudiced on that account. *Swift* v. *Mott,* 92 *Ga.* 448 (17 S. E. 631). "It is contrary to public policy

to allow a juror, after participating in the making of a verdict, to assert ignorance of any fact which rendered him incompetent to serve." *Bank* v. *Tuck,* supra. The fact that the juror was ignorant of his disqualification at the time of the trial, and so swears, makes no difference. *Young* v. *Cochran Banking Co., 166 Ga. 877* (144 S. E. 652); *Keener* v. *Headrick, 170 Ga. 242* (152 S. E. 254). A new trial is demanded where there is no doubt as to the disqualification or incompetency of the juror, and where such disqualification has not been waived by knowledge thereof; for the reason that the verdict is illegal and void. *Hubbard* v. *State, 5 Ga. App. 599* (63 S. E. 588); *Ga. R.* v. *Cole, 73 Ga. 713.* Was the juror in this case disqualified because the plaintiff contributed a monthly sum to the upkeep of his office? It is the law of this State that any one who has a wish or desire that one of the parties to a suit should prevail is incompetent to serve on the jury. *Haney School Furniture Co.* v. *Hightower Inst., 113 Ga. 289, 293* (38 S. E. 761). Employees of a corporation are incompetent to serve as jurors in a case where the corporation is a party. *Central R.* v. *Mitchell, 63 Ga. 173; Ga. R. &c. Co.* v. *Tice, 124 Ga. 459* (52 S. E. 916, 4 Ann. Cas. 200); *A. C. L. R. Co.* v. *Bunn, 2 Ga. App. 305* (58 S. E. 538). The fact that the plaintiff contributed to a fund used to keep up and pay the expenses of the juror's office, would render him incompetent to sit in a case in which the plaintiff was a party. "A juror is objectionable propter affectum whenever it is shown that his finding may be affected by his personal interest in the result; and the probability as to whether that interest will produce bias is to be determined by the ordinary general rules of human experience. For this reason a person is not competent to serve as a juror in a cause when there exists any business relation between himself and one of the parties which may tend to influence the verdict. . . The point to be determined in every case where a juror is attacked as being incompetent propter affectum is not only whether the juror himself is interested, but also whether he may not be affected by interest in favor of one of the parties. It is immaterial whether he is affected by a direct personal interest in the case, or an indirect interest in the result as affecting some one else—favor." Per Russell, J., in *Temples* v. *Central of Ga. Ry. Co., 15 Ga. App. 115* (82 S. E. 777).

So where it appears that the bank in this case contributed a certain amount monthly to the board of education which was used in paying for office supplies and the office expenses of the county farm agent, the juror, and which inured directly to his benefit, even though the juror swears that he did not know that this money was so contributed to the upkeep of his office until after the trial, but that he received said sum directly from the board of education and did not know who contributed the same to that body, such juror is incompetent; and where neither movant nor his counsel knew thereof until after the trial, and it does not appear that they could have discovered the facts by the exercise of due diligence, there being no dispute as to the facts, a new trial is mandatory. It follows that the verdict was not rendered by a qualified jury, and for this reason was illegal and void, and that the judge erred in overruling defendant's motion for new trial.

Under the facts of this case, it was improper for the court to give in charge to the jury the latter portion of Michie's Code, § 4294(196) (Code of 1933, § 14-1806) and the explanation thereof, to wit: "Provided this act shall not apply to sales after the original purchase-price has been paid and certificates of stock have been issued; means that if stock has been sold by the company to some individual, and that such individual makes a second sale of such stock, the law above quoted does not apply to such latter sale."

The other grounds of the motion for new trial are amplifications of the original grounds; and as the evidence may be different upon another trial, this court will not now pass upon the sufficiency of the evidence.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*