23669. A. D. L. SALES CO. INC. *v.* GAILEY.

SUTTON, J. 1. The owner of a conditional bill of sale of personalty, on default by the vendee as to payments thereunder, may foreclose it in the same manner as chattel mortgages are now foreclosed in this State. Civil Code (1910), § 3298.

2. When an execution shall issue upon the foreclosure of a conditional bill of sale, the vendee or his special agent may file an affidavit of illegality to the execution, in which affidavit he may set up and avail himself of any defense which he might have set up, according to law, in an ordinary suit upon the demand secured by the conditional bill of sale, and which goes to show that the amount claimed is not due. Civil Code (1910), § 3300.

3. Failure of consideration is a good defense to set up by way of affidavit of illegality to an execution issuing under the above section. *Smith* v. *Walker,* 93 *Ga.* 252 (18 S. E. 830); *Garner* v. *Cohen,* 99 *Ga.* 78 (24 S. E. 851).

4. The seller in all cases (unless expressly or from the nature of the transaction excepted) "warrants . . 2. That the article sold is merchantable, and reasonably suited to the use intended. 3. That he knows of no latent defects undisclosed." Civil Code (1910), § 4135. The vendor may be in good faith in the transaction, and yet violate this section. *Newman* v. *Claflin Co.,* 107 *Ga.* 89, 91 (32 S. E. 943). "The adaptation of a machine to the uses for which it is made is always warranted." *Smith* v. *Hightower,* 76 *Ga.* 629.

5. The breach of such warranty gives to the purchaser a right to damages, or it may be pleaded in abatement of the purchase-money. Civil Code (1910), § 4136; *Springer* v. *Indianapolis Brewing Co.,* 126 *Ga.* 321 (55 S. E. 53).

6. Partial payment, with knowledge of the defective condition, will not always estop the purchaser from pleading partial failure of consideration. Payments made by the purchaser under an agreement by the seller to repair does not estop the purchaser from pleading total or partial failure of consideration. Civil Code (1910), § 4137; *McDaniel* v. *Mallary Machinery Co.,* 6 *Ga. App.* 848 (66 S. E. 146); *Finance Co.* v. *Jones,* 33 *Ga. App.* 94 (125 S. E. 510).

7. "Whenever an action shall be commenced at common law, founded upon any contract, the defendant in such action may plead and give in evidence to the jury, upon the trial thereof, that the consideration upon which said contract was founded has totally or partially failed. Such plea shall only be pleaded in cases between the original parties to the contract, or their privies or assignees, whose title has been acquired with notice, actual or constructive, or by operation of law." Civil Code

(1910), § 5675, and see § 4250. The general rule of law is, that where there is a total failure of the consideration, and the defendant has derived no benefit from the contract, or none beyond the amount of money which he has already advanced, such total failure of consideration may be shown in bar of the action. *Morrow* v. *Hanson,* 9 *Ga.* 398 (54 Am. D. 346).

8. Applying the above rulings, the verdict in this case was not contrary to the evidence and the law, and without evidence to support it, there being some evidence on which the jury could base their verdict, to wit that the Delco plant purchased by the defendant, and for the purchase-money of which the present action was brought, was worthless and not fit or suitable for the uses intended; and the court did not err in overruling plaintiff's motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 16, 1934.

*Harry S. McCowen, Herbert R. Edmondson,* for plaintiff.
*Frank B. Stow,* for defendant.