37202.   LEVERETT *et al.* v. AWNINGS, INC.

812

DECIDED JULY 3, 1958.

814

*Frank A. Bowers, Jr., Frank A. Bowers, Sr.,* for plaintiffs in error.

*Wotton, Long & Jones,* contra.

CARLISLE, Judge. ■ One of the chief contentions of the defendants, the plaintiffs in error, was that though they had executed the instrument sued on, there had been no valid delivery of it to the plaintiff in that it had been delivered to the plaintiff's agent Plavcan with the understanding the defendants would look at the awnings installed on the house of the third party and decide whether they wanted the plaintiff's awnings at all, that they would thereafter notify the plaintiff's agent as to their decision in this regard, that the instrument was not to be

delivered to the plaintiff until the defendants advised the salesman and that they had never advised him of their decision, but that he had delivered the instrument contrary to this agreement. As to the evidence, it is sufficient to say that there was some evidence introduced in support of this contention of the defendants. Special ground 1 of the motion for a new trial complains of the refusal of the trial judge to instruct the jury in accordance with the following timely submitted request: "If you believe from the evidence that at the time the defendants signed the note, 'Exhibit 1', and the defendant, W. A. Leverett, signed the contract, 'Exhibit 2' and delivered these to the plaintiff's salesman, there was an agreement between said salesman and defendants that the salesman was to hold said papers until after defendants had an opportunity to inspect the awnings on another house and in turn contact the salesman and either approve or disapprove the note and contract, and that contrary to said agreement the said salesman delivered the said papers to the plaintiff, Awnings, Inc., without the prior approval of defendants, then there would be no legal delivery of the note sued upon to the plaintiff and the plaintiff would not be entitled to recover in this case." This ground of the motion alleges that the said charge was not given as requested nor substantially as requested. This is a sufficient allegation that the proposition thus referred to in the request was not covered by the general charge.

It is error for the court to refuse to charge a special written request made by counsel for a party, which request to charge is legal and is adjusted to a distinct matter and issue involving the right of the plaintiff to recover or the validity of a defense interposed by defendant, even though such principle may have been covered in general and abstract terms by other instructions of the court. *Snowden* v. *Waterman & Co.*, 105 *Ga.* 384 (5) (31 S. E. 110). While there may have been some doubt as to the proper application of this rule in specific cases, it would seem that since the decision of *Werk* v. *Big Bunker Hill Mining Corp.*, 193 *Ga.* 217 (4) (17 S. E. 2d 825), wherein the application of the rule with respect to specific cases was extensively reviewed by the Supreme Court, there no longer is any doubt that if the

request is legal, and is adjusted to a distinct matter in issue, and if it may materially aid the jury, the trial judge must give the charge in the language requested even though it may have been covered by other instructions of a more general and abstract nature contained elsewhere in the charge. This case was followed in *Randall* v. *State*, 210 *Ga.* 435 (1) (80 S. E. 2d 695), and in *Vaughan* v. *Vaughan*, 212 *Ga.* 485 (1) (93 S. E. 2d 743). See Code (Ann.) § 70-207.

The charge requested and refused as complained of in special ground 1 of the motion was a legally correct abstract principle of law. *Hansford* v. *Freeman*, 99 *Ga.* 376 (1) (27 S. E. 706); *McGinley* v. *Chappas*, 91 *Ga. App.* 418 (2) (85 S. E. 2d 791); *Thomas* v. *State of Georgia*, 95 *Ga. App.* 699 (1) (99 S. E. 2d 242). It was adjusted to the facts of this case and to the contentions of the defendants; it was not argumentative and should have been given by the trial court in the exact language of the request. The failure of the trial judge to instruct the jury as requested was error requiring the grant of a new trial.

Special ground 8 assigns error on the following portion of the charge: "I charge you further, that under the facts in this case, which are undisputed, which are contended for by both parties, if you find that a valid contract arose under the circumstances developed by this evidence, and under the rules as given you, and also there was a valid contract, then the question of okaying or refusing to okay, would come too late after the execution of the contract. All negotiations and discussions having merged into the written contract," on the ground, among others, that it eliminated from the consideration of the jury, the defense that there had been no legal delivery of the note. In view of the ruling just made in regard to special ground 1, this criticism of that portion of the charge is valid. If the defendants executed the note either with all the blanks filled in or with the understanding that the plaintiff's agent would later fill in the blanks in accordance with the terms tentatively agreed upon and delivered it to the plaintiff's agent with the understanding that he would not deliver it to the plaintiff until notified by the defendants to do so, and if the jury found these facts from the evidence and further found that the defendants never notified the

plaintiff's agent to deliver the note, they would have been further authorized to find that there was no valid delivery and, consequently, no binding obligation on the defendants. Code §§ 14-102, 14-216. For the court to instruct the jury as complained of in this ground was harmful error and prejudicial to the defendants and the trial court erred in overruling this ground of the motion for new trial.

Furthermore, it is contended that by the use of the words, "that under the facts of this case which are undisputed," the court committed error in that there were no undisputed material facts in the case. It is true that some immaterial facts were not disputed, for example, that the plaintiff's agent called on the defendants proposing to sell them awnings, but all of the material facts relating to the existence of the defendants' liability were disputed by the evidence of the respective parties and it was probably harmful error for the trial court to instruct the jury so as to impress them with the idea that the court thought that one or more material facts were not in dispute.

■ Special ground 2 of the motion for a new trial complains because the trial judge refused to grant a mistrial after counsel for the plaintiff had stated that he would like to have the jury inspect the awnings which were on the truck in a parking lot adjacent to the courthouse. This ground of the motion shows that counsel for the defendant made a motion for a mistrial stating that he did not think that it was proper for counsel for the plaintiff to request in the presence of the jury that the jury be allowed to see the awnings. The court denied the motion for a mistrial. It is contended that this was harmful and prejudicial to the defendants because it was calculated to impress the jury that the defendants had some reason for not wanting the jury to go outside to the parking lot to see the awnings, and that the defendants desired to conceal and withhold from the jury physical evidence for some ulterior purpose. It is well settled in Georgia that it is error for the trial judge to permit the jury to leave the courtroom to inspect personal property which is the subject matter of a suit. *Peterson & Lott* v. *Lott*, 11 *Ga. App.* 536 (75 S. E. 834). If the statement of counsel for the plaintiff that: "I would like for the jury to inspect these and

introduce them into evidence" may be construed as a motion to allow the jury to go outside the courtroom and inspect the awnings the trial judge properly denied that motion under the foregoing authority. However, this ground of the motion for a new trial shows that the trial court denied the motion even before counsel for the defendant made any statement opposing it, and even if counsel for the defendant was put in the position of having to oppose an improper motion, this was not a proper ground for a motion for a mistrial. If the reasoning of counsel for the plaintiff in error as to this ground of the motion were valid, the same reasoning would apply every time one party made an improper motion or sought to introduce illegal evidence and put the opposing counsel in the position of having to oppose such motion or oppose the introduction of such evidence before a jury, and, consequently, would give to such opposing counsel a ground for having a mistrial declared. This ground of the motion is without merit.

■ As shown by the statement of facts, the sole issues raised by the defensive pleadings in this case were whether the defendants had executed the instrument sued on in the form sued on and whether there had been any valid delivery of the instrument. Evidence as to the custom of the plaintiff in submitting contracts of proposed customers for the purchase of its awnings on a time payment plan to a bank for investigation and approval of the customer's credit was not illustrative of any issue to be decided by the jury, and the trial court did not err, therefore, in restricting the cross-examination of a witness for the plaintiff by counsel for the defendant when he sought to elicit from such witness evidence as to the said custom. See *Hart* v. *State*, 14 *Ga. App.* 364 (7) (80 S. E. 909). Special ground 3 shows no error.

■ In stating the contentions of the parties, the court stated in connection with the contentions of the defendants that: "They contend that in supporting their defense, that the note was not delivered, that the salesman of plaintiff contacted them, and that they agreed with him to buy certain awnings, and that after talking with him, and after he had pointed out other work of his, they contend that they did execute the papers subject to the exceptions which I have just stated."

In the fourth special ground of the motion for new trial the defendants assign error on this portion of the charge, and particularly on the words "and that they agreed with him to buy certain awnings" on the ground that it is a misstatement of the contentions of the defendants. It is also contended in this ground that the words, "they contend that they did execute certain papers subject to the exceptions which I have just stated," was also erroneous and incorrect and misleading in that it could only have had reference to the contract and note sued on, whereas the evidence shows that the contract was signed only by the defendant W. A. Leverett and was not signed by Mrs. Leverett.

While some of the cases on the subject hold that a charge which misstates the contention of the prevailing party and tends to confuse the jury as to those contentions and as to the real issues in the case in such a manner as would permit the prevailing party to recover on a contention not made by him necessitates a new trial (*Ergle* v. *Davidson,* 69 *Ga. App.* 102, 24 S. E. 2d 810), the better and more comprehensive rule would seem to be that if the court undertakes to state to the jury the contentions of the parties it should do so correctly (*City of Decatur* v. *Robertson,* 85 *Ga. App.* 747, 749, 70 S. E. 2d 135), and that it is error to instruct the jury that a party admits one of the contentions of the prevailing party which are not in fact admitted. *Hightower* v. *Ansley,* 126 *Ga.* 8 (6) (54 S. E. 939, 7 Ann. Cas. 927).

The first portion of the instruction referred to in the fourth special ground of the motion for new trial and on which error is assigned was subject to the criticism that it stated to the jury that the defendants admitted a fact which in fact they did not admit. Under the pleadings and under the evidence for the defendant in this case, it is undisputed that the defendants did not contend that they had agreed to buy any awnings from the plaintiff, but on the contrary they expressly contended that they had affixed their signatures to the papers in question and delivered them to the plaintiff's agent for delivery to the plaintiff only after they had examined the awnings installed by the plaintiff on the home of a friend, and then only if they decided after

such inspection that the plaintiff's awnings were suitable for their home. Under the ruling in division 1 of this opinion, this was a valid defense which the defendants were entitled to have submitted to the jury and the statement of their contentions as complained of in the fourth special ground was directly contrary to their contentions in this regard.

While under the rules of law announced above with respect to the duty of the trial court to instruct the jury as to the contentions of the parties, it would have been better had the court more explicitly instructed the jury as to the execution of the two documents introduced in evidence, we are not constrained to hold that the mere inadvertent reference to both of the defendants as having executed the documents constituted harmful error where it appears from the evidence that both of the defendants executed only one of the documents (the note sued on) and that one of the defendants did not sign the contract setting forth the style and color of the awnings to be supplied by the plaintiff (which was not the basis of the action). It is not apparent that this mere inadvertent use of the plural pronoun "they" was harmful to the defendants.

Special ground 5 assigns error on another portion of the charge as being incorrect as a matter of fact and as being misleading and confusing to the jury and prejudicial to the defendants in that it was calculated to impress the jury that the defendant Mrs. Leverett signed the contracts after she had testified that she did not. This ground does not show harmful or reversible error.

■ The court charged the jury (italics ours): "If, on the other hand, you find that these defendants signed these papers in blank, and this plaintiff, or his agent did not fill them out in such a manner as to express the agreement, *but in such a manner as would constitute a fraud on these defendants,* and complete an instrument which did not speak the truth in the transaction, then they would not be liable on the note.

"In the event you find that these defendants did sign these papers in blank, and that the plaintiff or its agent, acting for it, filled out the blanks, *in such a manner as to practice a fraud on these defendants,* by inserting in the blanks matters which

did not correctly speak the truth of the contract, then you should go no further, because in that event, it would be your duty to find in favor of the defendants."

In the sixth and seventh special grounds of the motion for a new trial, error is assigned on these charges on the ground that in using the italicized words, the court placed an unwarranted burden on the defendants in that the charge impressed the jury that the defendants had to prove that the plaintiff's agent perpetrated a fraud on them in filling in the blanks of the note and contract whereas their sole contention was, with respect to the manner in which the blanks were filled in, that it did not represent the agreement had. Special ground 7 assigns error on the second paragraph quoted above on this ground by merely therein referring to the assignment in special ground 6. With respect to this assignment, the defendant in error contends that this ground is incomplete. However, as to this contention, the defendant in error overlooks the provisions of section 3 of the act approved March 7, 1957 (Ga. L. 1957, pp. 224, 232) which amended Code § 6-901 and provided that the grounds of a motion for a new trial need not be complete within themselves. Under the provisions of this act, the special ground of the motion for a new trial which assigned error on a portion of the charge set forth therein on the ground that said portion "was erroneous for the same reasons as set out in special ground 9 of this amended motion for a new trial" was sufficient to present the question for the consideration of the court as to whether a charge was erroneous for any of the reasons set forth in special ground 9.

Much has already been said in this opinion detailing the contentions of the respective parties and it would avail nothing to repeat these contentions in extenso. Nevertheless, the defendants did not, in this case, contend that the plaintiff had practiced a fraud on them or that the plaintiff's agent had practiced a fraud on them. They did not by their pleading seek to rescind the contract, and fraud was not an issue in this case. Their contention was that there was no contract because there had not been a delivery of the instrument sued on, and that the instrument filled in by the plaintiff's agent did not represent correctly the terms of the agreement orally tentatively reached between

them. While fraud may not be presumed, but may be shown by slight circumstances (Code § 37-706) nevertheless, it is a more serious charge against a party that he committed a fraud on the other than merely to charge that he did not fill in the instrument so as to correctly represent the terms tentatively agreed upon, and to· so instruct the jury as to leave the impression that the defendants had to show fraud on the part of the plaintiff did in fact place upon the defendants a heavier burden than they were required under the pleadings in this case to carry. For this reason, special grounds 6 and 7 of the motion for a new trial were meritorious and the trial court erred in overruling these grounds of the motion.

■ Special ground 9 assigns error on a portion of the charge instructing the jury as to the law with regard to the.rescission of contracts. No complaint is made in this ground that the principle charged is incorrect, the sole complaint being that it was inapplicable to the issues in this case. While, as we have said, the pleadings raise no issue as to the rescission of the contract, if one was in fact entered into between the parties, under one view of the evidence which was unobjected to, the jury would have been authorized to infer that the defendants treated the contract as a binding obligation and sought to rescind it by countermanding the order. For this reason, the charge thus complained of was not error for any of the reasons assigned in this ground of the motion, and the trial court did not err in overruling the ninth special ground of the motion for a new trial.

■ The evidence introduced by the defendants was in sharp conflict with that introduced on behalf of the plaintiff. If the jury had believed the defendants' testimony they would have been authorized to find at least that the defendants delivered the contract sued on to the plaintiff's agent with the understanding that he was not to deliver it to his principal until notified by the defendants that it was "okay". In view of these facts, we cannot say that the evidence demanded a verdict for the plaintiff. Since the evidence may not be the same on another trial, it is unnecessary at this time to decide whether it authorized the verdict for the plaintiff.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*