### 42432.   BRISSETTE v. MUNDAY et al.
### 42473.   BRISSETTE v. MUNDAY et al. (cross appeal).

132

ARGUED NOVEMBER 9, 1966—DECIDED JANUARY 20, 1967—
REHEARING DENIED FEBRUARY 3, 1967

*N. Forrest Montet,* for Suzanne E. Brissette.

*Bryan, Carter, Ansley & Smith, M. D. McLendon,* for John L. Brissette.

JORDAN, Judge. ■ In his motion to dismiss the appeal now before this court the defendant Brissette contends in effect that the decision in *Munday v. Brissette,* 113 Ga. App. 849, supra, that "the trial court did not err in denying a new trial as to the co-defendant, John L. Brissette," is controlling, that in view of this decision there was no valid motion for new trial pending from which the plaintiff could file her appeal on September 16, 1966, and that plaintiff, having failed to pursue her motion for new trial and to file a cross appeal when defendant Munday appealed to this court, is barred from any further appeal. Implicit in the decision of the Supreme Court in *Brissette v. Munday,* 222 Ga. 162, supra, which limited this court to a

determination of the right of defendant Munday to a new trial as against plaintiff Brissette, is the sequel that plaintiff Brissette, unless she chose to abandon her motion for new trial then pending in the trial court, did have a right to object to the verdict and judgment discharging defendant Brissette by means of a motion for new trial. There was no adverse decision on this motion from which she could appeal when the case was here before, and the final decision in that case did not deprive her of her right to appeal on the subsequent ruling on her motion for new trial. Section 2 (a) of the Appellate Practice Act of 1965, as amended (Ga. L. 1966, p. 494) clearly gives a litigant the right to appeal directly from an adverse verdict and judgment, or to defer the appeal until a ruling is obtained on a motion for new trial. Moreover, Section 5 of the amended Act (Ga. L. 1966, p. 496) specifically authorizes an independent appeal. As was recognized in *Munday v. Brissette*, 113 Ga. App. 147, 154, supra, "[e]ach party had the right to make a motion for a new trial independently of the other and to test the ruling thereon. . ." There is no merit in the motion to dismiss the appeal.

■ The trial judge, in overruling the plaintiff's motion for new trial, entered a lengthy order (set forth on 21 pages of the record before this court) seeking to justify his actions in withholding from jury consideration issues regarding the speed of the Brissette vehicle (notwithstanding the evidence and the opinion of this court on such issues as stated in *Munday v. Brissette*, 113 Ga. App. 147, supra) by declaring *Code* § 81-1104 and other provisions of law unconstitutional. As we are of the opinion that it was too late at this stage of the proceedings to raise such issues, and of the further opinion that a reversal of his ruling on the motion for new trial is required for the reasons set forth in Division 6 of this opinion, without any necessity of inquiring into the constitutionality of any statutes, this court and not the Supreme Court, has jurisdiction of the appeal and cross appeal which are not otherwise within the jurisdiction of the Supreme Court. *Code Ann.* § 2-3708; *Woods v. State*, 222 Ga. 321 (1) (149 SE2d 674); *Boatright v. Yates*, 211 Ga. 125 (4) (84 SE2d 195); and numerous other cases

annotated under the catchwords "Necessity of decision" and "New trial" in *Code Ann.* § 2-402.

■ The defendant Brissette, as cross appellant, seeks a reversal of the order of the trial court overruling his general and various special demurrers to the petition. The petition was brought in two counts, the first count alleging that the plaintiff Brissette was riding with the defendant Brissette as an invitee, and the second count alleging that the plaintiff was a guest passenger in the vehicle.

In addition to allegations showing the impact of the Brissette vehicle and the Munday vehicle in the street in front of Munday's residence when the Munday vehicle entered the street from the driveway, the amended petition shows, as to the first count, that "the right to use said automobile on the morning in question was primarily in the plaintiff" and that the "plaintiff, at said defendant's request, agreed and did give up her right to use said automobile on the morning in question and ride with said John L. Brissette instead of using the automobile herself in order that said John L. Brissette might have the use of the automobile after discharging plaintiff at her place of employment. . ." It also appears that this use would provide John L. Brissette transportation to school instead of his riding a bus. The allegations of negligence as to this count show that defendant Brissette was negligent (a) as a matter of law in operating the vehicle at a speed of 45 miles per hour (the alleged applicable speed limit being 35 miles per hour), (b) in failing to control the vehicle, (c) in failing to maintain a proper lookout, (d) in driving at a speed greater than reasonable or prudent, and (e) in failing to pass to the right of the Munday vehicle. In essence, it is the contention of the defendant Brissette, in his brief as cross appellant, in support of his demurrers on the first count, that this count does not state a cause of action on the theory that the plaintiff was an invitee, and does not contain sufficient facts, as distinguished from conclusions, to show the plaintiff was an invitee. Among other things he points out that the petition does not show who owned the Brissette vehicle, or who had lawful custody, either as owner, bailee, lessee, or by other arrangement. While, for the sake of clarity, it

might have been desirable for the plaintiff to have alleged the details of the manner in which she acquired control of the vehicle, we think the allegations are clearly sufficient, even construed most strongly against the pleader, to put the defendant Brissette on notice of her control over the use of the vehicle, which she relinquished in return for a benefit, which placed her in a status whereby the defendant Brissette owed her a duty to exercise ordinary care. See *Nash v. Reed*, 81 Ga. App. 473 (59 SE2d 259).

As to the second count, the defendant Brissette contends, in essence, that the acts of negligence as alleged do not constitute gross negligence, pointing out that the allegations are identical to the allegations of negligence in the first count. In general, what conduct constitutes gross negligence in operating a vehicle is for jury determination, e.g.: Speed and circumstances disclosing *more* than the mere violation of speed limit (*Moore v. Bryan*, 52 Ga. App. 272, 282 (183 SE 117)); failure to maintain control or proper lookout (*Citizens & Southern Nat. Bank v. Huguley*, 100 Ga. App. 75 (110 SE2d 63)); circumstances where reasonable minds may disagree as to whether an act constitutes negligence, and if so, the degree of negligence (*Marsh v. Hargrove*, 103 Ga. App. 264 (118 SE2d 866)).

The trial judge did not err in overruling either the general or special demurrers of the defendant Brissette for any reason asserted and insisted upon.

■ The evidence of the speed and the manner in which the defendant Brissette was driving under the conditions then existing, in overtaking and passing another vehicle at a speed in excess of 35 miles per hour in an urban area, was not such as would necessarily exonerate the defendant Brissette from negligence proximately causing the injuries, and did not demand a verdict for him. For this reason the trial court did not err in refusing to direct a verdict for this defendant.

■ The defendant Brissette also asserts error, as cross appellant, on the action of the trial court in striking from the files of that court that portion of the remittitur showing that the trial court did not err in denying a new trial as to him, in effect contending that this portion of the remittitur was

conclusive as to any right of the plaintiff Brissette to a new trial against the defendant Brissette. We consider the action of the trial judge in this respect meaningless insofar as it affected the rights of these parties. Having previously made the defendant Brissette a party to the defendant Munday's motion for a new trial, the trial judge overruled Munday's motion on July 30, 1965, but expressly reserved action on the plaintiff Brissette's motion pending appeal. This was the status of the case when Munday appealed to this court and as a result of the appeal obtained a new trial. *Munday v. Brissette,* 113 Ga. App. 849, supra. In giving effect to the mandate of this court, the trial judge in his order entered on August 22, 1966, was of the opinion that his previous order did not deny a new trial as to the defendant Brissette, and for this stated reason ordered the reference in the remittitur stricken from the files of the trial court. It is immaterial whether the judge expressly or by implication denied a new trial to the defendant Brissette, and equally immaterial that the judge chose to order the statement on the remittitur stricken from the files of the trial court, for it is clear from his order that he understood and correctly applied the mandate of this court to the extent that it required the grant of a new trial to the defendant Munday as against the plaintiff Brissette only, and left open for further adjudication the plaintiff's motion for new trial with respect to the defendant Brissette. The sole benefit which the defendant Brissette had gained at this point from the decision of the Court of Appeals, in conforming to the decision of the Supreme Court, was protection against another trial, as a successful defendant, unless the plaintiff insisted upon a ruling on her motion for a new trial. He was in no way deprived of this benefit by the order of the trial court on which he asserts error. The defendant Brissette's contentions in this respect are without merit.

■ We now consider the main appeal, and note that the twelve enumerated errors correspond in number and substance to the errors asserted by the defendant Munday when the case was here before. Enumerated error 1 relates to the general grounds of the motion for new trial, and enumerated error 2

relates to the special grounds, as further specifically covered in enumerated errors 3-12. The general grounds are without merit, as the evidence, even if the defendant Brissette was operating his vehicle at an excessive speed and in a negligent manner under the conditions existing, did not demand a verdict for the plaintiff as against this defendant. Divisions 4, 5, 6, and 8 of the opinion in *Munday v. Brissette*, 113 Ga. App. 147, supra, are controlling as to the disposition of enumerated errors 3-12, and with the sole exception of enumerated error 12, on which no ruling was made, require the grant of a new trial. As was noted when the case was here before, this apparently inadvertent error in instructing on emergency is not likely to reoccur in a new trial.

*Judgment reversed on appeal; affirmed on the cross appeal. Bell, P. J., concurs. Eberhardt, J., concurs in the judgment.*