44404.   J. G. T., INC., et al. v. BRUNSWICK
CORPORATION.

720

Argued April 9, 1969—Decided May 1, 1969—Rehearing denied May 20, 1969—

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Miles J. Alexander, Carl I. Gable, Jr., R. Lawrence Ashe, Jr.,* for appellant.

*Alston, Miller & Gaines, William B. Spann, Jr., Oscar N. Persons,* for appellee.

DEEN, Judge. ■ Pleadings must be so construed by the court as to do substantial justice between the parties. *Code Ann.* § 81A-108 (f). The defendants moved to strike certain allegations of the petition as immaterial and impertinent (*Code Ann.* § 81A-112 (f)) in that they related to settlement negotiations with a view to compromise, evidence of which would not be admissible under *Code* § 38-408. Plaintiff pleaded a settlement agreement, together with various correspondence between the parties, and alleged the defendants "by their execution of and performance under said equipment lease thereby agreed to release any and all rights which they might have against plaintiff growing out of the alleged failure of plaintiff to give prompt notice of the default of AIBC," in other words that this issue had been disposed of by a subsequent agreement in the nature of a settlement or accord and satisfaction. However, the pleaded lease shows on its face that it is unsigned, and there is no allegation that it was ever signed by anyone. We adhere to the doctrine, stated in *Spiegel v. Hays,* 103 Ga. App. 293 (119 SE2d 123) that a pleaded exhibit controls over a conclusory allegation as to its contents; at least in the absence of any allegation that the agreement was signed by the parties, where the copy pleaded shows that it was not signed by the parties this must be taken as true for motion purposes. The further allegation of performance of the settlement agreement is conclusory, but under the notice system of pleading distinctions between facts and conclusions are no longer ordinarily significant. *Bazemore v. Burnet,* 117 Ga. App. 849, 852 (161 SE2d 924). If this pleading were in response to a prior pleading, such issues as compromise settlement or accord and satisfaction would have to be set out with particularity (*Code Ann.* § 81A-108 (c)), but here in the original petition the pleader has attempted to meet an antic-

ipated defense in advance. Thus we must either demand that the plaintiff allege facts to support its conclusions (a procedure not favored under the present rules) or hold that the defensive matter contained in the petition is sufficient for the purpose intended, and thereby risk that on the trial of the case testimony concerning efforts at a compromise settlement otherwise inadmissible will be allowed by reason of this ruling alone. This illustrates to some extent the reason for the general rule that *interlocutory orders should not be subject to appeal until after final judgment.* Since there is no way of determining from the pleadings alone whether the parties did in fact execute the agreement (which is pleaded without signatures) or whether, even though the agreement was not actually executed, there was such part performance as to make it binding in any event we affirm the trial court's judgment refusing to strike the material, without prejudice to the defendants by means of interrogatories, depositions, pre-trial conference or any other appropriate procedure, to establish the true facts relating to the admissibility of the pleaded lease exhibit, and, if the court finds that evidence thereunder would not be admissible by reason of *Code* § 38-408, to pass a further order eliminating these paragraphs of the petition at such time.

■ ■ *The defense that plaintiff failed to comply with a condition precedent to bringing this action by not giving "prompt notice of default."* We agree with the defendants that a delay of over three years in giving the written notice of default agreed to be afforded in the contract is, as a matter of law, not "prompt" notice. *Jordy v. Dunlevie,* 139 Ga. 325 (77 SE 162). Does this oust the courts of their jurisdiction to hear and decide the plaintiff's trover action for the recovery of personalty sold under a conditional-sale contract by the terms of which the vendor is entitled to repossess the equipment on the happening of certain events? We think not. It is to be noticed that the right to repossession accrued under the sale contract upon the occurrence of any one of a number of events at the election of the vendor— either because of default in payment, or because of the institution of bankruptcy proceedings or various other contingencies. Apparently the vendor here did not seek repossession upon de-

fault alone, but when it became obvious that AIBC was bankrupt it did give a notice of default and acceleration of payments, and later this trover suit was brought. Assuming without deciding that "prompt" notice would be a condition precedent to Brunswick asserting its title and right of possession in the event of default only, a default followed by a bankruptcy or receivership is another matter no mention of which appears in the 1960 agreement. Contractual agreements which have the effect of permanently removing disputes from the jurisdiction of the courts are frequently held void as against public policy. See *Wright v. Cecil A. Mason Constr. Co.*, 115 Ga. App. 729 (1) (155 SE2d 725). To construe the "prompt notice" provision as a bar to the filing of the trover action would result in effect in a judicial defeasance of the title which the plaintiff indubitably has for security purposes, which would, of course, be a forfeiture. Forfeiture provisions in contracts are not favored, and the law inclines to construe such conditions as remediable by damages rather than by forfeiture. *Code* §§ 85-902, 20-110; *Progressive Mut. Ins. Co. v. Burrell Motors*, 112 Ga. App. 88 (143 SE2d 757). In *Adams v. Haigler*, 123 Ga. 659, 665 (51 SE 638) where a contract provision providing that any dispute *shall* be referred to arbitrators was urged as a condition precedent failure to observe which would be a bar to court action, it was held that the provision would not have this result "unless the provision for arbitration amounted to a condition precedent to the right to resort to the court, or arbitration was made the only mode by which the amount of damages should be ascertained. . . Before anyone will be deprived of an appeal to the courts it must appear from clear and unequivocal language that such was the intention of the parties." Nowhere in either the conditional-sale contract or the subsequent multi-party agreement does it appear that the "prompt notice" provision refers to any act of the buyer other than simple default or that the seller can repossess on no other ground. The right to demand possession upon bankruptcy remained unimpaired. The defense relying alone upon the prompt notice provision was properly stricken.

The defense of *equitable estoppel*. The defendant here contends that the plaintiff's failure to notify it for almost four

years of the purchaser's default contrary to its contract commitment was an intended deception calculated to keep the landlord from pursuing its own legal remedies and causing it unfairly to rely on the proposition that AIBC was by payment building up a substantial equity in the bowling equipment which inured to the benefit of J. G. T., Inc. as a second mortgage holder for the protection of its leasehold income and on which commitment it relied to its detriment, since under the multiparty agreement it would otherwise have had an option to advance the instalment payments, charge them against the lessee and thus protect its equity in the property. It is contended that "plaintiff is equitably estopped from asserting rights in the said equipment and supplies superior to the rights of defendant therein, because defendant was misled by plaintiff's aforesaid conduct into believing that plaintiff's rights in such property had abated to a degree sufficient to leave defendant fully secure by such property." This is based on the lease agreement between J. G. T., Inc., and AIBC which provided: "In the event that default [in payment of rent] shall occur, landlord shall have the right to protect its interest by paying same, in which event tenant shall be obligated to reimburse landlord, and in default thereof such charges shall be and constitute additional rent to be paid by tenant."

"The issue in an action of trover is ordinarily one of title, and the gist of the action is conversion, that is to say, that the defendant has wrongfully deprived the plaintiff of possession. Where such a state of facts exist[s] trover will lie." *Abney v. M. B. Thomas Auto Sales Co.,* 93 Ga. App. 224 (1) (91 SE2d 189). Our ruling on the prompt-notice defense carries the necessary inference that the fact that the notice was not given promptly as pledged by the multi-party agreement neither destroys the plaintiff's title nor eliminates its right of possession; in other words, as an action for trover it is properly in court regardless of any breach of the subsequent contract by failure to inform the landlord and junior mortgagee that payments on the purchase price were not being made, which failure may have damaged this defendant by depriving it of its option to make the instalment payments as they came due. The estoppel

defense recognizes this situation to some extent in that it seeks not to bar absolutely the action but to obtain an adjudication that the rights of J. G. T., Inc., are superior to those of Brunswick. J. G. T., Inc., had it received prompt notice, had only the right to make the instalment payments itself and thus prevent the seller from repossessing the property. It still had this right when the notice was finally given but did not avail itself of it. It may well be that late notice, an undeniable breach of the multi-party contract, caused it to suffer damages, but the precise question is whether the seller's conduct was so fraudulent or grossly negligent as to result in an estoppel against it to insist on the priority of its first mortgage as against the defendant's second mortgage on the equipment (see in this connection *Crine & Daniel v. Davis*, 68 Ga. 138), and this, in the present status of the case, is a pleading question only.

*Code Ann.* § 81A-181 provides that the Civil Practice Act shall apply to all special statutory proceedings except to the extent that such special statutory proceedings prescribe "specific rules of practice and procedure in conflict herewith." Trover is a statutory proceeding. *Yeomans v. Jones*, 54 Ga. App. 330 (1) (188 SE 62). By express statutory provision the defendant in a trover action brought by a conditional vendor retaining title "may plead as a set-off any demand or claim that he may have against the plaintiff, or may recoup any damages that he has sustained by reason of . . . any breach of contract by the plaintiff, whereby the defendant has, in any way, been injured or damaged." *Code* § 107-102. It does not appear that this procedure is limited to defendants who are conditional vendees. Where trover is brought by a conditional vendor who has a right to recover the property only to the extent that its value does not exceed the balance owed on the debt, and the defendant claims credits, or damages, or in other ways seeks to assert the priority of its own pecuniary interests in the value of the property over those of the plaintiff, he must do so within the framework of *Code* § 107-102. The jury then necessarily renders an equitable accounting between the parties. *Sizemore v. Beeler*, 94 Ga. App. 414, 418 (94 SE2d 773). The equitable estoppel pleaded

in the third defense of J. G. T., Inc., and paragraph 2 of the second defense of Dixie Bowl, Inc., would not, if proved, be a bar to the action but would result in giving priority, for example, to the landlord's cross claim to the extent that delay in giving notice, if done with fraudulent intent and if the defendant had a right to and did in fact rely upon it to its damage and was injured thereby. The third defense in its present form gives no information by which the jury, if it found with the defendants on this issue, could adjust the equities between them. For this reason the judgment striking this defense is affirmed with leave granted to the defendants to amend if they so desire so as to allege their claim to priority as a setoff or to seek recoupment of damages based on breach of contract within the framework of *Code* § 107-102.

■ *The defense of failure of consideration for the equipment lease.* The fourth defense goes only to lack of consideration for the equipment lease which is alleged in the petition as a modification or settlement of the multi-party agreement and which is dealt with in the first division of this opinion. Should this lease remain an issue in the case and be introduced in evidence at the trial, the defendants would have the right to show that it was not binding because of failure of consideration. The judgment of the court striking this defense must accordingly be reversed.

*Judgment affirmed in part; reversed in part. Bell, P. J., and Eberhardt, J., concur.*