## 52177. DECK HOUSE, INC. v. SCARBOROUGH, SHEFFIELD & GASTON, INC.

Marshall, Judge.
Appellee-plaintiff brought this action against Deck

House for money had and received. In its complaint plaintiff seeks a refund of $4,882, which it paid to Deck House as a "non-returnable deposit" under a contract to purchase building materials. Plaintiff had planned to use the materials to construct a condominium on a lot in a residential development, but plaintiff later failed to purchase the lot and asked for return of its deposit. Deck House refused to return the money on the ground that the deposit was nonreturnable under the terms of the contract. Deck House also counterclaimed for damages for plaintiff's alleged breach of contract. Deck House moved for summary judgment on plaintiff's complaint. In opposition to the motion, plaintiff's vice president stated in an affidavit that the package contract was only an "agreement to order" building materials and was contingent upon its purchase of the real estate. Plaintiff further contends that the contract was invalid because it is vague and indefinite in certain material terms, to wit: no schedule of payments of the balance due is specified; the price is adjustable to certain published prices in the future; and time and mode of performance are not specified. The motion for summary judgment was denied and Deck House was granted an interlocutory appeal. *Held:*

1. The "package contract" signed by plaintiff's vice president as purchaser called for the plaintiff to purchase a "basic package" of building materials specified in the contract for the construction of a 3-unit townhouse for a price of $58,817. Plaintiff submitted with the contract a check for $4,882 as what the contract specified was a "non-returnable deposit." There is no provision in the contract to the effect that the contract was contingent upon the plaintiff's purchasing property. The contract does contain a clause which provides: "Oral Modifications: The terms and conditions within this contract constitute the entire contract and no other terms or conditions, verbal or written, which are not contained herein, shall be applicable to this contract." Plaintiff's vice president states that he informed Deck House that he would not order any building materials from Deck House unless real property was purchased so that it would own land upon which to erect the

townhouse. Plaintiff seeks by such evidence to prove by parol evidence a condition precedent to the formation of a contract. While the rule in many jurisdictions would permit parol evidence to show conditions precedent to the contract, Georgia's rule is to the contrary. See *Smith v. Standard Oil Co.,* 227 Ga. 268 (1) (180 SE2d 691); *Lyon v. Patterson,* 138 Ga. App. 16. In the absence of such contingency in the written instrument and of allegations of fraud, accident or mistake in plaintiff's complaint, the contract is not invalid or unenforceable for that reason.

2. Nor is the contract invalid for the asserted reasons that it is too vague and indefinite to be enforceable. Under Article 2 of the UCC (Ga. L. 1962, pp. 156, 178; Code Ann. § 109A-2—204), "[e]ven though one or more terms are left open a contract for sale does not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy." The written instrument clearly shows an intent by the parties to make a contract. Other provisions of the UCC provide elements of the contract which plaintiff asserts are missing or deficient. See Code Ann. § 109A-2—310 (when payment is due); Code Ann. § 109A-2—305 (1) (price may be left open); Code Ann. §§ 109A-2—307, 109A-2—308, 109A-2—309 (method, place and time of delivery).

The trial court erred in denying the motion for summary judgment.

*Judgment reversed with direction to enter judgment for appellant on the complaint. Pannell, P. J., and McMurray, J., concur.*

ARGUED MAY 4, 1976 — DECIDED JUNE 9, 1976 — REHEARING DENIED JUNE 29, 1976 —

*Henry L. Young, Jr., Stephanie Kearns,* for appellant.

*Long, Weinberg, Ansley & Wheeler, George H. Connell, Jr.,* for appellee.