## 53735. CRAIG et al. v. CITIZENS & SOUTHERN NATIONAL BANK.

MARSHALL, Judge.

The appellant corporation and its president, Craig, as guarantor in his individual capacity, appeal the grant of summary judgment in favor of the appellee, C & S Bank.

Simply stated, the facts reflect that the 151 Spring Street Corporation borrowed $155,000 in two separate notes from the bank. The corporation's president, Craig, personally guaranteed both notes. Each note was an unconditional 90-day demand note. Both became in default. The bank made demand, including attorney fees and costs. In their answers, both defendants (appellants) admitted the existence of the notes and that both were signed by Craig, both in his capacity as president and in his personal capacity as guarantor. Upon motion for summary judgment, the appellants answered by affidavit, showing that there was a contemporaneous agreement which had been breached by the bank and, therefore, the appellants were not in default. On the day before the hearing scheduled for the motion for summary judgment, the bank moved to strike the affidavits of the appellants. The court granted the motion to strike the affidavits and granted the motion for summary judgment. The appellants enumerate as error the striking of the affidavits as being responsive to a motion improperly served upon them less than 5 days before the hearing in contravention of Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230 (Code Ann. § 81A-106 (d)), as well as an enumeration concerning the grant of summary judgment. *Held:*

1. We affirm. There is no evidence of a contemporaneous agreement affecting the two demand notes in this litigation except by the parol statements contained in the affidavits. The appellants admitted the execution of the notes, which are plain and unambiguous in their terms. The appellants did not dispute that the notes were both in default nor that proper demand had been made for the sums due. Nor do the appellants allege that the notes were entered into by reason of fraud,

accident or mistake.

By their affidavits, the appellants offered nothing more than parol evidence to prove a condition precedent to the satisfactory conclusion of a plain, unambiguous written contract. While the rule in many jurisdictions would permit parol evidence to show conditions precedent to the contract, Georgia's rule is to the contrary. *Smith v. Standard Oil Co.,* 227 Ga. 268 (1) (180 SE2d 691) (1970); *Deck House, Inc. v. Scarborough, Sheffield &c., Inc.,* 139 Ga. App. 173, 175 (228 SE2d 142) (1976); *Lyon v. Patterson,* 138 Ga. App. 816 (227 SE2d 423) (1976). The prevailing attitude of our appellate courts is typified by the reasoning expressed in *Lee v. Garland,* 208 Ga. 251 (1) (66 SE2d 223) (1951): "The whole tenor of the [affidavits] in the case at bar is to change by parol an absolute un-conditional promissory note into a conditional ob-ligation; and that can not be done in the absence of fraud, accident, or mistake, the allegation of which must always be full and explicit. [Cits.] In other words, where parties have reduced to writing what appears to be a complete and certain agreement, it will in the absence of fraud, accident, or mistake be conclusively presumed that the writing contains the entire contract. [Cit.] 'It is in vain to have writings, if parties can be allowed deliberately to reduce a contract to writing and then set up by parol a totally different contract.' [Cit.] It is true, of course, that the maker of a note, when sued, has the right to show by parol, if he can, a want or failure of consideration, but he will not be allowed to prove that his obligation to pay was dependent or conditional upon the promisee's compliance with a prior or contemporaneous agreement not expressed in the note, unless the execution of the note was induced by fraud, accident, or mistake. [Cits.]" It is, moreover, a rule of substantive law that, even though parol evidence be erroneously admitted without objection, it is without probative value to vary terms of a written contract. *Cooper v. Vaughan,* 81 Ga. App. 330, 337 (58 SE2d 453) (1950). See *Cleghorn v. Shields,* 165 Ga. 362 (2) (141 SE 55) (1927); *Romines v. Wagstaff Motor Co.,* 120 Ga. App. 608, 610 (171 SE2d 752) (1969). Thus, pretermitting the question of whether the motion to strike was properly before the court as having been orally argued without

objection by the appellants (see *Irby v. Christian,* 132 Ga. App. 796, 797 (209 SE2d 245) (1974)) or whether the appellants may raise before this court for the first time the procedural irregularity of the trial judge's accepting and ruling upon a motion within a time frame of less than five days from service, the appellants have not shown nor can they show harm in the action of the trial court striking the affidavits. Harm as well as error must be shown to authorize a reversal by this court. *Robinson v. State,* 229 Ga. 14, 15 (189 SE2d 53) (1972); *Hollis v. State,* 137 Ga. App. 298 (223 SE2d 491) (1976); *Luke v. State,* 131 Ga. App. 799, 806 (207 SE2d 213) (1974). Inasmuch as the trial judge could not legally consider the affidavits offered by the appellants, even assuming arguendo that the trial court erred in striking the affidavits, that action is entirely harmless.

2. There being no genuine issue of material facts presented to the trial judge, he did not err in granting summary judgment in favor of the appellee. *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408) (1962); *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442) (1962).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED APRIL 6, 1977 — DECIDED MAY 31, 1977.

*Arthur P. Tranakos,* for appellants.
*Alston, Miller & Gaines, Franklin R. Nix,* for appellee.