## 55601. CITIZENS & SOUTHERN NATIONAL BANK v. WILLIAMS et al.

McMURRAY, Judge.

This case involves a suit for deficiency judgment on a promissory note after default and sale of the corporate defendant's stock of sporting goods, the proceeds of which were applied toward satisfaction of the indebtedness.

The Citizens & Southern National Bank sued Willie A. Williams and Solomon E. Brannan, Inc ., the maker of the note, and Solomon E. Brannan and Waymon Sims, Jr. as surety-guarantors, for liability which was limited under their respective separate agreements to $45,000 each of the defendant corporation's indebtedness.

Defendant Sims answered, admitting jurisdiction and execution of the agreement dated September 6, 1973, attached as Exhibit "G" to the amended petition, but he otherwise denied the plaintiff's claim against him. He

also filed a number of defenses: (1) repossession and disposal of the collateral by plaintiff without notice and in derogation of his rights to redeem the same or demand a public disposition thereof which bars the plaintiff's right to recover a claim of deficiency against him; (2) no judgment has been obtained against the corporate defendant, no determination made as to the existence of a deficiency, and plaintiff may not proceed in the absence of such determination of liability as to the defendant corporation; and (3) the secured property was not levied upon or disposed of in any commercially reasonable manner, hence there would be no deficiency, if any, if properly disposed of in accordance with law. By amendments to his answer, defendant Sims added an additional defense of (4) disposal of collateral without notice to debtor bars the claim of deficiency; and a counterclaim seeking damages for the wilful and intentional conversion of certain corporate stock of the defendant, valued at approximately $15,000 accruing from his stock as security which was sold and the proceeds retained without strict compliance with Code Ann. § 109A-9—504 (Ga. L. 1962, pp. 156, 422). Defendant also sought punitive damages for the wilful, intentional disregard of his property rights in the amount of $50,000, seeking judgment for $65,000.

The corporate defendant (Willie A. Williams and Solomon E. Brannan, Inc.) and defendant Brannan became in default. These two defendants in *Williams v. C. & S. Nat. Bank,* 142 Ga. App. 346 (236 SE2d 16), appealed certain rulings with reference to them including the denial of their motion to set aside the default judgment against them which order denying same was reversed because the trial court failed to assert its discretion in considering same.

The case brought against the multiple defendants had proceeded to trial and judgment in favor of defendant Sims in the amount of $9,000 plus interest and costs. Plaintiff filed its motion for judgment notwithstanding the verdict or in the alternative for new trial which was denied. Plaintiff appeals. *Held:*

1. The motion to dismiss is denied. *Williams v. C. & S. Nat. Bank,* 142 Ga. App. 346, supra, is not res judicata

or the law of the case here as between the plaintiff and defendant Sims even though the defendants in default appealed directly, and the plaintiff here appealed after denial of its motion for judgment notwithstanding the verdict or in the alternative for new trial. See *Brissette v. Munday,* 115 Ga. App. 131, 134 (1) (153 SE2d 606). Further, no appeal has been filed to the denial of a motion to dismiss the appeal filed in the lower court. See Code Ann. § 6-809 (b) (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624); *Gilman Paper Co. v. James,* 235 Ga. 348, 349 (219 SE2d 447).

2. The defendant Sims' counterclaim asserted that plaintiff had converted corporate stock (AT&T and IBM) belonging to the defendant, having a value of $15,000 at the time of its sale by the plaintiff and a conversion of the funds to its own use. Defendant Sims, the erstwhile owner, testified that this stock was worth "[r]oughly 65, $7,000," and this was the only testimony as to value in the entire transcript. This testimony did not demand or authorize a judgment for the defendant in his counterclaim. See *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782). Anyone may testify as to value, "if he has had an opportunity for forming a correct opinion." Code § 38-1709. Value generally is fixed by opinion and may be proven by circumstances. *Western & A. R. Co. v. Sellers,* 15 Ga. App. 369, 370 (2) (83 SE 445); *Reidsville & S. R. Co. v. Baxter,* 13 Ga. App. 357, 358 (7) (79 SE 187). Value is peculiarly for determination of the jury, but there must be evidence upon which the jury may legitimately exercise their own knowledge and ideas. Code §§ 38-102, 38-1708; *Jefferson v. Kennedy,* 41 Ga. App. 672 (3) (154 SE 378); *Ferguson v. Bank of Dawson,* 50 Ga. App. 604 (4) (179 SE 236).

3. Since the case is reversed on the sufficiency of the evidence to support the verdict and judgment, no ruling is made on the issue of the amount of the verdict and judgment as found.

4. Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written agreement. Code § 38-501. *Craig v. C. & S. Nat. Bank,* 142 Ga. App. 474 (1) (236 SE2d 166). However, parol evidence

may be used to show no valid agreement ever went into existence. *Heitmann v. Commercial Bank of Savannah,* 6 Ga. App. 584, 590 (2) (65 SE 590); *Hansford v. Freeman,* 99 Ga. 376 (27 SE 706); *Moore v. Farmer's Mut. Ins. Assn.,* 107 Ga. 199, 201 (33 SE 65). See also *Leverett v. Awnings, Inc.,* 97 Ga. App. 811 (1), 815-816 (104 SE2d 686); *Williams v. C. & S. Nat. Bank,* 142 Ga. App. 346, 350, supra. However, one may always offer parol testimony to show a want or failure of consideration. *Butler & Co. v. McCall,* 119 Ga. 503 (46 SE 647); *J. G. T., Inc. v. Brunswick Corp.,* 119 Ga. App. 719 (2) (168 SE2d 847); *A. D. L. Sales Co. v. Gailey,* 48 Ga. App. 798 (3) (173 SE 734); *Lee v. Garland,* 208 Ga. 251 (1) (66 SE2d 223). Indeed, the evidence here shows badges of fraud, albeit same may be constructive fraud. Compare *Smith v. Standard Oil Co.,* 227 Ga. 268 (1) (180 SE2d 691); *Lyon v. Patterson,* 138 Ga. App. 816 (227 SE2d 423); *Deck House, Inc. v. Scarborough, Sheffield & Gaston, Inc.,* 139 Ga. App. 173 (228 SE2d 142); *Craig v. C. & S. Nat. Bank,* 142 Ga. App. 474, 475, supra. The condition precedent here was the nondelivery of the consideration for defendant Sims' promise to act as surety for the corporation's indebtedness. The debt was already made when he attempted to replace a surety by purchasing the surety's corporate stock and to assume his position in that closed corporation's structure. The evidence was sufficient to authorize a finding by the jury that he received no consideration for his promise to act as surety.

5. Since the jury was authorized to determine that the guaranty/surety contract was a nullity by reason of the failure of consideration for same, we do not reach the issue as to whether or not there was lack of notice to the corporation and that this defense could not be raised by defendant Sims. Compare *Brinson v. Commercial Bank,* 138 Ga. App. 177 (1) (225 SE2d 701); *Smith v. Singleton,* 124 Ga. App. 394 (1) (184 SE2d 26).

*Judgment reversed. Bell, C. J., Quillian, P. J., Banke and Birdsong, JJ., concur. Deen, P. J., Webb, Smith and Shulman, JJ., dissent.*

SUBMITTED APRIL 5, 1978 — DECIDED SEPTEMBER 14, 1978.

*McClain, Mellen, Bowling & Hickman, James W. Culbreth, A. O. Bracey, III,* for appellant.

*Hill, Jones & Farrington, Michael C. Ford, E. Lundy Baety,* for appellees.

WEBB, Judge, dissenting.

I disagree with the holding in Division 2 that the evidence did not authorize the jury to reach a verdict on the counterclaim, which was based on the alleged taking and conversion by the bank of corporate stock. All the cases relied upon by the majority deal with opinion testimony as to the value of tangible things without sufficient foundation to allow the jury to consider how the witness arrived at the value, or to calculate the loss within a degree of certainty which is reasonable. However, the value of stock which is traded on a recognized market is not a matter of opinion, but a matter of fact. Moreover, the transcript reveals that Sims was not asked his opinion as to the value of the stock, but was asked: "Do you know what the value of the stock was?", meaning what its value was at the time of the taking on November 19, 1974. Sims replied, "Roughly 65, $7,000.00."

In my view, particularly since AT&T and IBM are such widely-known stocks, the conclusion can readily be reached from this testimony that Sims' answer was founded on information derived from daily published stock market reports. Thus, here, as in *Van Voltenburg v. State,* 138 Ga. App. 628, 629 (1) (227 SE2d 451) (1976), "his testimony as to this cost was from his own personal knowledge. He was not stating his opinion as to value but was stating a fact. *Morgan v. State,* 135 Ga. App. 139 (2) (217 SE2d 175); *Kingston v. State,* 127 Ga. App. 660 (2) (194 SE2d 675); *Jones v. Universal Credit Corp.,* 88 Ga. App. 24 (3) (75 SE2d 822)." The failure to state the exact amount does not convert his statement to an opinion. Further, the bank could easily have introduced evidence to show that this was not the value of the stock on the date in question, if such were the case, yet it did not object to Sims' testimony nor seek to dispute it.

The counterclaim asked for $15,000 based on the approximate value of the stock at the time of sale as actual

damages, and also alleged conversion and sought $50,000 as punitive damages to deter such conduct. The verdict of $9,000 was therefore supported by the pleadings and the evidence, and I would affirm the judgment.

I am authorized to state that Presiding Judge Deen, Judge Smith and Judge Shulman join in this dissent.